# Exhibit M

## TOLLING AGREEMENT

James McHugh Construction Company, Inc. ("McHugh), Chicago Heights Glass, Inc. ("CHG") and Great American Insurance Company ("GAIC") (collectively the "Parties") hereby enter into this Tolling Agreement ("Agreement") as of May 30, 2018 ("Effective Date"):

1.   Potential Claims. The Parties have potential claims against each other arising out of the subcontract executed by and between McHugh and CHG for the design and construction of a window and curtainwall system for a project located at 1200 South Michigan, Chicago, IL (the "Subcontract") and the Performance Bond No. CA1539406 issued by GAIC to CHG as the Principal and McHugh as the Obligee. CHG filed a mechanic's lien recorded as Document No. 1802922034 with the Cook County Recorder of Deeds. McHugh substituted Travelers Casualty and Surety Company of America's Performance Bond No. 106855418 for the property subject to CHG's mechanic's lien. These claims, whether arising under state law, federal law, common law, contract, tort, equity, or statutory law shall be referred to as "Potential Claims." Neither the execution of this Agreement, nor any provisions herein, shall operate in any way as an admission of fact, liability, or responsibility by the Parties in any way regarding the subject matter of this Agreement or the Potential Claims; provided, however, that the foregoing restriction of admissions of fact shall not apply with respect to any legal action to enforce the terms of this Agreement.

2.   Resolution of Claims. The Parties wish to explore whether these Potential Claims may be resolved without resort to litigation, arbitration, or other legal proceeding.

3.   Time-Based Defenses Tolled. The Parties agree that all time-based defenses that each Party has or potentially has against any of the Potential Claims shall be tolled as of the Effective Date until this Agreement is terminated pursuant to its terms, described below; provided, however, it is specifically understood that the Parties do not waive or release (i) any defense based upon a statute of limitations that expired prior to the Effective Date, (ii) any other time-related defense that may be available to either Party as of the Effective Date, or (iii) any time-related defense, including a defense based upon a statute of limitations, that may become available after the termination of this Agreement when the tolled period is not considered, and this understanding shall survive any termination of this Agreement. This tolling shall apply to any and all applicable state and federal statutes of limitation, statutes of repose, laches and other equitable time-based defenses, claims, contractually agreed to limitations periods, periods for commencing an arbitration pursuant to contract, and any and all other time-based limitations/repose periods.

4.   Non-Commencement of Litigation. The parties to this Agreement agree that they will not sue or otherwise commence any litigation, arbitration or other

1 of 4

legal proceeding against the other for the Potential Claims or any other claims until this Agreement is terminated pursuant to the terms of this Agreement.

5.  <u>Termination</u>. This Agreement may not be terminated for the first 30 days after the Effective Date. After this initial 30-day period, either party may terminate this Agreement by providing 21 days' written notice to the other party terminating the Agreement. The termination will be effective after the running of the 21 days' notice period. This Agreement shall terminate one (1) year after the Effective Date unless either Party terminates it earlier in accordance with this Paragraph or the Parties agree in writing to extend it.

6.  <u>Effect of this Agreement</u>. The effect of the tolling under this Agreement shall survive the termination of this Agreement. In other words, in any lawsuit or arbitration arising out of the Potential Claims, any time which runs from the Effective Date to and through the date this Agreement is terminated shall not be used by McHugh to calculate any of the time-based defenses set forth in Paragraph 3.

7.  <u>No Revival of Previously Time-Barred Claims</u>. If any claim was time barred prior to the Effective Date of this Agreement, this Agreement shall not in any manner revive any claim or cause of action against any Party that was so barred.

8.  <u>Without Prejudice To Other Defenses</u>. Other than set forth herein, this Agreement is made without prejudice and shall not be deemed a waiver of any defenses the Parties may have to the Potential Claims.

9.  <u>Confidentiality</u>. The Parties agree to keep the terms of this Agreement confidential. However, the Parties may share this Agreement with their attorneys, accountants, insurance agents/brokers, insurance companies, and the Parties' families. Further, CHG may disclose this Agreement to any Court, hearing officer, arbitrator, or arbitration panel to defend against any time-based defense raised by McHugh against any of the Potential Claims. McHugh may disclose this Agreement to any Court, hearing officer, arbitrator, or arbitration panel to defend themselves against any claim brought by CHG arising out of the Potential Claims if CHG commences proceedings against McHugh prior to the termination of this Agreement.

10. <u>Attorneys' Fees</u>. In the event of a breach of this Agreement, the aggrieved party will, to the extent it prevails, be entitled to its attorneys' fees and costs for successfully enforcing this Agreement in any litigation, arbitration, or other legal proceeding.

11. <u>Choice of Law</u>. This Agreement shall be interpreted pursuant to the laws of the State of Illinois, without regard to any choice of law principles.

12. <u>Prior Agreements</u>. This Agreement constitutes the entire agreement between the Parties with regard to the tolling of the statute of limitations and

may not be amended or modified except by written agreement executed by all of the Parties. This Agreement supersedes any and all prior agreements, oral or written, between the Parties relating to tolling.

13. <u>Notices</u>. All notices under this Agreement shall be sent via certified mail, and shall be effective upon mailing. Notices shall be sent to the following:

<u>If to CHG</u>:

David R. Buetow
Fuchs & Roselli, Ltd.
440 W. Randolph Street, Suite 500
Chicago, IL 60606

<u>If to McHugh</u>:

Christopher M. Cano
Franco Moroney Buenik LLC
500 W. Madison Street, Suite 2440
Chicago, IL 60661

<u>If to GAIC</u>:

T. Scott Leo
The Law Offices of T. Scott Leo
One N. LaSalle Street, Suite 3600
Chicago, IL 60602

14. <u>Joint Drafting</u>. The Parties have cooperated in the drafting and preparation of this Agreement, and accordingly, the normal rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

15. <u>Counterpart Copies</u>. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and when taken together with other counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

16. <u>Email or Facsimile Signatures</u>. The Parties may sign this Agreement by facsimile or email.

17. <u>No Third-Parties Benefited</u>. Nothing in this Agreement, express or implied, is intended to confer upon any person or entity, other than the parties or their respective successors and assigns, any rights or benefits under or by

reason of this Agreement. This Agreement is for the sole benefit of the Parties.

18. <u>Waiver</u>. No provision herein may be waived unless in writing and signed by the party whose rights are thereby waived. Waiver of any one provision herein shall not be deemed to be waiver of any other provision herein. This Agreement may be modified or amended only by written agreement executed by all of the Parties.

**James McHugh Construction Company, Inc.**

By: _____

**Chicago Heights Glass, Inc.**

By: _____

**Great American Insurance Company**

By: _____

reason of this Agreement. This Agreement is for the sole benefit of the Parties.

18.   _Waiver_. No provision herein may be waived unless in writing and signed by the party whose rights are thereby waived. Waiver of any one provision herein shall not be deemed to be waiver of any other provision herein. This Agreement may be modified or amended only by written agreement executed by all of the Parties.

**James McHugh Construction Company, Inc.**

By: _____

**Chicago Heights Glass, Inc.**

By: _____

**Great American Insurance Company**

By: _____