IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CHICAGO HEIGHTS GLASS, INC., an Illinois Corporation, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Case No.: 2018 CH 12515 |
| JAMES MCHUGH CONSTRUCTION CO., an Illinois corporation, and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, a P&C foreign stock company, ) ) ) ) ) ) | |
| Defendants. ) | |

**DEFENDANT JAMES MCHUGH CONSTRUCTION CO.'S MOTION TO DISMISS OR STAY THIS SUIT IN FAVOR OF FEDERAL PROCEEDINGS.**

NOW COMES Defendant JAMES MCHUGH CONSTRUCTION CO. (hereinafter "McHugh"), by and through its attorneys, Franco Moroney Buenik LLC, and moves this Court, pursuant to Section 2-619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(3)), to dismiss or stay this matter due to Plaintiff CHICAGO HEIGHTS GLASS, INC.'s petition to intervene in a substantially similar cause of action pending in federal court. In support of its Motion, McHugh states as follows:

**INTRODUCTION**

1. Plaintiff Chicago Heights Glass ("CHG") was hired to furnish certain work and materials in relation to a major construction project located at 1200 S. Indiana Avenue in Chicago (hereafter "Project"). (Complaint, ¶¶ 4, 15, a copy of which is attached hereto as Exhibit A). Pursuant to its subcontract with McHugh, CHG obtained performance and payment bonds from surety Great American Insurance Company ("GAIC") to guarantee its performance of the job and its payment of sub-subcontractors and material suppliers. (*Id.*, ¶ 17). CHG contends that McHugh

**EXHIBIT A**

improperly changed the job material and performance specifications during the course of the Project, and then improperly terminated CHG from the Project on December 18, 2017. (*Id.*, ¶¶ 37-112). After terminating CHG, McHugh made demand on the surety to fund and/or perform CHG's work. (*Id.*, ¶ 117).

2. GAIC provided funding of over $3.2 million under its performance bond. (*Id.*, ¶ 120). Thereafter, GAIC ceased advancing funds.

3. On October 5, 2018, CHG filed this suit against McHugh and Travelers Property and Casualty Company of America ("Travelers"), a surety which McHugh used to bond over a CHG lien. This complaint asserts three counts. Count I, against McHugh only, is for breach of contract and contends that McHugh owes CHG $4,755,579.92 for certain subcontract work and additional work. Count II is asserted against McHugh and Travelers and contends that in response to a notice of, and claim for, mechanics lien in the $4,755,579.92 amount, McHugh bonded over the lien and thus the owed subcontract and additional work amounts should be paid from the bond. Count III seeks, in the alternative, payment of $4,755,579.92 as unjust enrichment. Count IV asks for a declaratory judgment that CHG was not properly terminated for cause under the subcontract with McHugh.

4. On September 14, 2018, three weeks before CHG filed this suit, McHugh filed suit against GAIC regarding this Project under the caption *James McHugh Construction Co. v. Great American Insurance Co.,* Case No. 1:18-cv-06301 (U.S. Dist. Ct., N.D. Ill.) ("Federal Complaint"). A copy of the Federal Complaint is attached to this Motion as Exhibit B. The Federal Complaint alleges that CHG repeatedly failed to meet performance standards on the Project. (Federal Complaint, Exhibit B, ¶¶ 14-31). McHugh terminated CHG and GAIC accepted the notice of default. (*Id.*, ¶¶ 33-34, 38).

5. Thereafter, GAIC confirmed through its investigation that the default was appropriate and that McHugh's proposed solution was sound. (*Id.*, ¶¶ 44-46). GAIC made a payment of $3,241,470.80 to McHugh to address the delays and impacts caused by CHG. (*Id.*, ¶ 47). McHugh sought an additional $2 million under the bond to address various other costs, such as the costs of McHugh's self-performed work and costs incurred by other subcontractors and the architect. (*Id.*, ¶ 48). Although GAIC promised to provide further funds, it failed to fulfill those promises. (*Id.*, ¶¶ 49-52).

6. The Federal Complaint is in a single count, for breach of contract. It seeks various relief, including an award of damages, findings that CHG was in default and GAIC is in breach of its obligations under the performance and payment bond, a determination that GAIC acted in bad faith, and an award of attorney fees.

7. On October 18, 2018, GAIC moved to dismiss the Federal Complaint under FED.R.CIV.P. 12(b)(1) and 12(b)(7), arguing that the Complaint should be dismissed for McHugh's failure to join an indispensable party – CHG – and that as an indispensable party, the presence of CHG as a party would destroy diversity of citizenship, as both CHG and McHugh are Illinois corporations. A copy of GAIC's Motion to Dismiss the Federal Complaint is attached hereto as Exhibit C.

8. Also on October 18, 2018, CHG filed a Petition to Intervene in the federal action as of right under FED.R.CIV.P. 24(a)(2). A copy of CHG's Petition to Intervene is attached hereto as Exhibit D.

9. On October 25, 2018, the Honorable Sharon Johnson Coleman ordered the parties to fully brief CHG's Petition to Intervene and GAIC's Motion to Dismiss. The Motions are scheduled to be fully briefed by December 7, 2018 and the case is next up for status before Judge

Coleman on January 15, 2019. A copy of Judge Coleman's October 25, 2018 Order is attached hereto as Exhibit E.

## ARGUMENT

10. Section 2-619(a)(3) of the Code of Civil Procedure permits the dismissal or stay of an action when "there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3); *Arthur Young & Co. v. Bremer*, 197 Ill. App. 3d 30, 46 (1st Dist. 1990). The purpose of Section 2-619(a)(3) is to avoid duplicative litigation. *Performance Network Solutions, Inc. v. Cyberklix US, Inc.*, 2012 IL App (1st) 110137, ¶ 27. It should be liberally construed to further the interest of judicial economy and avoid a multiplicity of actions. *Schnitzer v. O'Connor*, 274 Ill. App. 3d 314, 318 (1st Dist. 1995).

11. The trial court has considerable discretion when ruling on a motion to dismiss or stay under section 2-619(a)(3). *Performance Network,* 2012 IL App (1st) 110137, ¶ 27. A section 2-619(a)(3) motion is inherently procedural and urges the trial court to weigh several factors when deciding, in its discretion, whether it is appropriate for the action to proceed. *Id*.

12. A court which first acquires jurisdiction retains jurisdiction to the exclusion of all other courts until its duty has been fully performed. *In re Marriage of Baltzer*, 150 Ill. App. 3d 890, 895 (2nd Dist. 1986). The purpose behind this rule, as with section 2-619(a)(3), is to prevent duplicative and vexatious litigation between the same parties over the same cause. *Bloink v. Olson*, 265 Ill. App. 3d 711, 718 (2nd Dist. 1994). While the order of filing is usually not determinative, courts will look to the progress of the competing action. *Continental Grain Co. v. FMC Corp.*, 27 Ill. App. 3d 819, 824 (1st Dist. 1975); *see also, Midas Int'l. Corp. v. Mesa, S.p.A.*, 2013 IL App (1st) 122048, ¶¶ 23-24 (time of filing, not service, is determinative). The rule allows this Court to order dismissal or other relief no matter what other jurisdiction in which the other matter is

pending. *Phillips Electronics v. New Hampshire Ins. Co.*, 295 Ill. App. 3d 895 (1st Dist. 1998); *Midas Int'l. Corp. v. Mesa, S.p.A.*, *supra.*

13. The "same cause" requirement of subsection (a)(3) mandates only substantial similarity, not identical causes of action. The court should consider whether the actions arose out of the same transaction or occurrence and not whether the legal theory, issues, burden of proof, or the remedy materially differ between them. *Phillips Electronics v. New Hampshire Ins. Co.*, 295 Ill. App. 3d 895 (1st Dist. 1998). The "same" cause requirement is satisfied when the actions arise from substantially the same set of facts. *Performance Network*, 2012 IL App (1st) 110137, ¶ 31. In making this determination, the "crucial inquiry" is whether both cases arise out of the same transaction or occurrence, "not whether the legal theory, issue, burden of proof, or relief sought materially differs between the two actions." *Id*.

14. Where both lawsuits are based on the same contracts, the same cause requirement is met. *See*, *e.g.*, *Performance Network*, 2012 IL App (1st) 110137, ¶ 31 ("same cause" met where both lawsuits were based on provision in the parties' asset purchase agreement); *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 853 (1st Dist. 2010) ("same cause" met where both actions were based on the same two contracts); *see also, Quantum Chem. Corp. v. Hartford Steam Boiler Inspection & Ins. Co*., 246 Ill. App. 3d 557, 559-60 (3rd Dist. 1993) (finding that the insurer's declaratory judgment suit and the insured's suit for breach of contract and bad faith failure to pay both involved the "same cause"). The statutory requirements for dismissal or stay have plainly been satisfied, as both suits arise out of the same transaction or occurrence – whether or not CHG performed as required by its subcontract on the Project, and whether it was properly terminated for default.

5

15. Where, as here, the "same cause" requirements are met, a court should consider the following additional factors in determining whether to exercise its discretion to dismiss or stay an action under section 2-619(a)(3): comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in a foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum. *Performance Network*, 2012 IL App (1st) 110137, ¶ 33; *A.E. Staley Mfg. Co. v. Swift & Co.*, 84 Ill. 2d 245, 254 (1980). Under the doctrine of comity, courts may defer to the laws or interests of a foreign country or state and decline to exercise jurisdiction that is otherwise properly asserted. *Performance Network*, 2012 IL App (1st) 110137, ¶ 34.

16. Here, a dismissal or a stay of this lawsuit will conserve judicial resources and avoid unnecessary costs to the parties, such as the need to respond to duplicative pleadings and duplicative discovery and motion practice. This cause is in the earliest stage of the proceedings. Indeed, the time for McHugh to answer or otherwise plead has not yet expired as service was effected on McHugh on October 11, 2018. No substantive rulings have been made in this case, and no motions have been filed (other than this one).

WHEREFORE, for the reasons stated above, Defendant JAMES MCHUGH CONSTRUCTION CO. respectfully requests that the Court dismiss or stay this action in favor of the federal action currently pending in the Northern District of Illinois as *James McHugh Construction Co. v. Great American Insurance Co.,* Case No. 1:18-cv-06301 (U.S. Dist. Ct., N.D. Ill.).

    Respectfully submitted,

By: */s/Andrew C. Patton*
    One of the Attorneys for Defendant
    JAMES MCHUGH CONSTRUCTION COMPANY

Robert J. Franco
Andrew C. Patton
**FRANCO MORONEY BUENIK LLC**
500 W. Madison Street, Suite 2440
Chicago, IL 60661
T:  (312) 469-1000
F: (312) 469-1011
Firm No.: 62148
robert.franco@francomoroney.com
andrew.patton@francomoroney.com