UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MCHUGH CONSTRUCTION COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 18-cv-6301<br>)<br>) Judge Sharon Johnson Coleman |
| THE GREAT AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Defendant, | )<br>) |
| CHICAGO HEIGHTS GLASS, INC. | )<br>) |
| Intervenor. | ) |

**MEMORANDUM OPINION AND ORDER**

James McHugh Construction Company brings this action against The Great American Insurance Company alleging breach of contract. Currently before the Court is non-party Chicago Heights Glass, Inc.'s ("CHG") motion to intervene in this case pursuant to Federal Rule of Civil Procedure 24(a)(2) and alternatively Rule 19. For the reasons explained below, CHG's motion is granted.

**Background**

The following facts are undisputed unless otherwise noted. James McHugh Construction Company is an Illinois Corporation with its principal place of business in Chicago, Illinois. Great American Insurance Company is organized under the laws of Ohio with its principal place of business in Cincinnati, Ohio. CHG is an Illinois corporation with its principal place of business in South Holland, Illinois.

1

James McHugh Construction is a general contractor on a construction project (the "Project") involving a residential development located in Chicago. As part of the Project, James McHugh subcontracted with CHG to fabricate and install a large window system. Great American Insurance and CHG executed an agreement where Great American Insurance, as surety, issued a payment and performance bond on behalf of CHG, listing James McHugh Construction as the obligee. The Performance Bond, no. CA 1539406, held Great American Insurance liable for the penal sum of $24,484,000 in case of a default by CHG. Additionally, CHG agreed to defend and indemnify Great American Insurance for any claim asserted by McHugh and provided collateral for any liability under the bond.

McHugh asserts that CHG failed to perform in accordance with the agreement and issued a default to its surety, Great American Insurance. McHugh states that Great American Insurance accepted the default and issued a bond payment for the Project on behalf of CHG. Great American Insurance made an initial partial payment of $3,241,470.00 to address the delays allegedly caused by CHG. McHugh states that since the initial partial payment, Great American Insurance has not made any other payment pursuant to their agreement.

CHG contests McHugh's allegations and brought its own lawsuit against McHugh in the Circuit Court of Cook County. Dkt 9-1. CHG avers that it was terminated without cause and issued a mechanics lien on the Project. Dkt. 9 ¶ 17. In its petition to intervene, CHG argues that it is the true defendant and should have been added to this lawsuit, although it would destroy this Court's diversity jurisdiction.

**Discussion**

*1. Intervention Under Rule 24*

To intervene under Rule 24, CHG must establish that (1) its petition is timely, (2) it has an interest relating to the subject matter of this lawsuit, (3) there will be an impairment of that interest,

practically speaking, by the disposition of this case, and (4) there is inadequate representation of that interest by the existing parties. Fed. R. Civ. P. 24(a); *State v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019) (internal citation omitted).

As mentioned previously, CHG seeks to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure. Considering the first factor, McHugh does not dispute that CHG's motion was timely, as it was filed approximately one month after McHugh filed its complaint.[1] The motion's timeliness is essentially determined by whether CHG was reasonably diligent in learning of the suit and acting promptly to protect its rights. *See Lopez-Aguilar v. Marion County Shariff's Department*, No. 18-1050, 2019 WL 2052439, *7 (7th Cir. May 9, 2019) (citing *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995)). The Court finds that CHG easily satisfies this requirement.

Second, CHG has established that it has an interest relating to the subject matter in this case. McHugh alleges that CHG failed to perform under the subcontract and its surety failed to make a full payment under the bond agreement. Dkt. ¶¶ 59-61. Because this action stems from CHG's conduct and it contests McHugh's allegations, its interest could not be more direct. *See Wade v. Goldschmidt*, 673 F.2d 182, 185 n.5 (7th Cir. 1982) (Stating that to satisfy Rule 24(a)(2), an intervenor's interest must be "direct rather than contingent").

Furthermore, the Court finds that the disposition of this case may impair CHG's ability to protect its interests. *See* Fed. R. Civ. P. 24(a)(2). As the issue of this lawsuit is CHG's performance under the subcontract and CHG has agreed to fully indemnify the surety, a judgment against Great American Insurance is essentially a judgment against CHG. However, without intervening as a party, CHG would not be able to appeal any adverse disposition. Moreover, a judgment in favor of

---

[1] The Court notes that, on the same day CHG filed its motion to intervene, defendant-Great American Insurance filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7) for failure to join CHG to the initial complaint [17].

3

McHugh and against Great American Insurance would surely undermine CHG's claim brought in state court alleging that McHugh breached their contract in terminating CHG without cause.

Finally, the Court agrees that there is a lack of adequate representation for CHG's interests among the existing parties. This is true for two reasons. First, even though Great American Insurance is CHG's surety, the two parties do not agree on liability. In its complaint, McHugh asserts that Great American Insurance's "investigation revealed that the default of CHG was timely, necessary, and appropriate." Dkt. 1 ¶ 44. CHG contests the validity of its termination, however, and has filed a mechanics lien on the Project in the amount of $4,755,579.2. Dkt. 9 ¶ 17. Second, because CHG agreed to completely indemnify Great American Insurance of any liability related to its performance and has already provided collateral, Great American Insurance does not have the same incentive to vigorously defend the allegations against CHG. *See Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007) (stating that the movant's burden to show inadequate representation "should be treated as minimal") (internal citation omitted). As such, CHG has met this requirement and will be allowed to intervene in this case.

*2. Jurisdiction*

CHG asserts that it joining this lawsuit relieves this Court of its jurisdiction. McHugh argues that this Court can exercise supplemental jurisdiction over CHG without destroying diversity jurisdiction under 28 U.S.C. section 1367(a). The Court disagrees. Section 1367(b) reads in relevant part:

> In any civil action of which the district courts have original jurisdiction founded solely on [diversity], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b).

In this case, the Court's jurisdiction was based only diversity under section 1332 as McHugh and Great American Insurance are citizens of different states. Nevertheless, with the addition of CHG, an Illinois corporation, under Rule 24, this Court cannot exercise supplemental jurisdiction over CHG because the jurisdictional requirements mandate complete diversity. *See* 28 U.S.C. § 1332; *See also Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758-59 (7th Cir. 2009) (upholding remand to state court for lack of diversity jurisdiction after district court joined nondiverse parties) (internal citation omitted). As such, the Court finds that it does not have subject matter jurisdiction over this case and it must be dismissed.

*3. Failure to Join under Rule 19*

The Court finds that the outcome would be no different under CHG's alternative argument to dismiss McHugh's complaint for failure to join a necessary party under Rule 19.

Determining whether a party should be joined under Rule 19 requires a two-step inquiry. *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481-82 (7th Cir. 2001). First, courts must decide if a party is necessary to the case. *Id.* (citation omitted). When analyzing whether a party is necessary, courts consider whether: (1) complete relief can be granted in the party's absence; (2) the absent party's ability to protect its interest will be impaired if not joined; and (3) the existing parties may be subject to a risk of multiple or inconsistent obligations without joinder. Fed. R. Civ. P. 19(a); *Davis Companies*, 268 F.3d at 481-82. Second, if the court determines that the party is necessary but cannot be joined (because it would destroy diversity jurisdiction, for example), the court must decide whether the litigation can proceed in the party's absence. Fed. R. Civ. P. 19(b).

The substantial overlap between the requirements of under Rule 24 and Rule 19 demonstrate that CHG is a necessary party under Rule 19(a). Accordingly, because joinder would destroy diversity jurisdiction, the Court will proceed to step two under Rule 19(b): the determination of

whether "in equity and good conscience" this case should proceed without CHG. *See Davis Companies*, 268 F.3d at 480.

Under Rule19(b), courts employ a four-factor test: (1) whether judgment would be prejudicial to either absent or existing parties; whether the prejudice be avoided by certain shaping of relief; (3) whether a judgment with the moving party would be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b); *United States ex rel. Hall v. Tribal Development Corp.*, 100 F.3d 476, 479 (7th Cir. 1996).

Upon review of these factors, this is a unique circumstance where the case cannot proceed without CHG. As mentioned previously, CHG faces a substantial risk of prejudice if a judgment was rendered without joinder. Any judgment against Great American Insurance is based on CHG's performance under the subcontract and with the indemnity agreement between CHG and Great American Insurance, there is no shaping of the relief that would preserve CHG's state court claim or protect it from the risk of inconsistent judgments. Most importantly, however, McHugh is not left without a forum to pursue its claim. CHG has filed a claim against McHugh in the Circuit Court of Cook County based on the same set of facts as the case before this Court. Dkt. 9 ¶ 17. Therefore, it appears the state court is the appropriate forum to adjudicate this matter with efficiency and finality.

**Conclusion**

For the forgoing reasons, CHG's motion to intervene [9] is granted and this action is dismissed. Great American Insurance's motion to dismiss [17] shall be terminated as moot.

**IT IS SO ORDERED.**

Date: 5/21/2019

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge